law library

# IN THE SUPERIOR COURT OF GUAM

HERMAN T. GARRIDO, PAUL V.     )
SAYAMA, and JAMES A. BUCCAT,    )
                               )

                 Petitioners,)

     vs.                  )

GUAM POLICE DEPARTMENT    )
Government of Guam,           )
                               )

               Respondent.)

SPECIAL PROCEEDINGS
CASE NO. SP#102-10

**DECISION AND ORDER**

**(Request for Writ of Mandate)**

This matter was scheduled to come on regularly for hearing on August 5, 2011, before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON. Petitioners, hereinafter the "Officers", were present and represented by Attorney Jeffrey A. Moots. The Government of Guam was represented by Assistant Attorney General Fred S. Nishihira. Having considered all the evidence and arguments, the Court issues the following decision.

## RELEVANT FACTUAL BACKGROUND

The Officers were employed with the Guam Police Department as non-exempt merit employees at all time relevant herein[1]. At certain time periods between 1998 and 2005, the Officers were ordered by superior officers to perform temporary detail duties of exempt positions[2].

Department of Administration ("DOA") Rule 4.506(c) and (h) provides that an employee detailed to a position longer than thirty (30) days must have proper documentation submitted by management to effect the appointment, and is entitled to the differential pay in the position having a higher pay grade than the employee's regular position added to his base pay.

---

[1] Herman Garrido was a Sergeant I assigned to Lieutenant duties. Paul Sayama was a Police Officer III assigned Sergennt II. James Buccat was a Police Officer III assigned to Sergeant II duties.

Compensation after thirty (30) days requires management to provide proper documentation to benefit the employee. The crux of this dispute is the failure of the Guam Police Department ("GPD") to process the documentation for the Officers during the periods of time in question, and its continued refusal to do so after being directed by DOA to take corrective action.

Each Officer made claims for detail pay consistent with the time periods in which they performed detail work in exempt positions as required by their superior command. The DOA conducted a full investigation of the Officers claims, and concluded the Officers were entitled to detail compensation, but needed the required documentation to process the payments. DOA concluded that the Officers were entitled to "promised compensation" for services performed. (CSC Memo 2003-340; Attorney General's Opinion DOA-95-1020).

DOA requested GPD to prepare respective personnel actions to compensate the Officers for the work performed. GPD refused to prepare the requested GG1s, because it determined the Officers would be required to repay significant amounts of overtime earned by each Officer. GPD asserts the Officers are not entitled to detail pay for work performed in exempt positions and still keep accrued overtime pay in their non-exempt positions. The Chief of Police required each Officer to repay any overtime they had received during the time periods in question, the impact of which nullified any detail compensation. GPD allegedly refused to process any personnel actions because of this negative impact.

Petitioner Garrido (hereinafter "Garrido") filed a request for review by the Civil Service Commission (hereinafter "CSC") on July 27, 2007, and also by filing a government claim with the Attorney General's Office on March 13, 2008. Both agencies rejected jurisdiction to entertain Garrido's claims. There is no information in the record whether Petitioners Sayama or Buccat made similar claim, however, based on the negative responses to Garrido, the Court concludes the other Officers would not have faired any better.

The Officers filed this Petition for Writ of Mandate (hereinafter "Petition") seeking to require the GPD to issue the GG1s as recommended by DOA.

SP102-10

# DISCUSSION

## 1. **Writ of Mandate**.

In a petition for a writ of mandate, "the petitioner has the burden of showing that a writ should issue." *Guam Election Com'n v. Responsible Choices for all Adults Coalition*, 2007 Guam 20 ¶ 26. The issuance of a writ of mandamus is an extraordinary remedy employed in extreme situations. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5 ¶ 10. "Mandamus is appropriate only where there is a 'clear, present and ministerial duty to act'". *Limtiaco v. Guam Fire Department*, 2007 Guam 10 ¶ 8 (citing *Holmes v. TLUC, et. al.,* 1998 Guam 8 ¶ 11). "One of the essential conditions for issuance of the writ is a showing in the part of the applicant that he has a clear legal right to the performance of the act the writ would compel." *McDaniel v. City & County of San Francisco,* 66 Cal. Rptr. 384,386 (Cal. App. 1968). The first issue, therefore, is whether, GPD was under a clear, present and ministerial duty to prepare the GGIs at the time this mandate was sought by the Officers. If the duty is discretional, then there is no right to relief under mandamus. *Limitiaco,* 2007 Guam 10 ¶ 10.

The Chief of Police refused to abide by DOA's request to process the GG1s for compensation because in his opinion if the Officers were detailed to exempt positions, they should not have been entitled to accrue overtime. Processing of the GG1s would require the Officers to repay their overtime. The Supreme Court of Guam in *Limitiaco* found that the ministerial duty which involves "some exercise of judgment" is more than a ministerial act. Unlike in *Limitiaco*, where the amount of back pay compensation due the petitioner was in accord with the government's settlement agreement, hindered only by availability of fiscal year appropriation to make the payments, in this case there is no such agreement between GPD and the Officers. Further, there is no agreement between GPD and DOA on the ultimate outcome of the Officers' claims. Where two (2) agencies are in disagreement it necessarily involves the exercise of judgment in reaching opposing conclusions. Mandamus is not appropriate this case.

## 2. **Adequate Remedy / Law / Exhaustion of Administrative Remedy**.

Mandamus is an extraordinary remedy implored only in extreme cases, and "where there is not a plain, speedy, and adequate remedy in the ordinary course of law." 7 GCA

SP102-10

§31203 (2005). "Mandamus will not be granted where the petitioner has failed to pursue the administrative remedies available to him. Where an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act." *Limitaco*, 2007 Guam 10 ¶ 27.

CSC has historically been the administrative appellate tribunal for grievances filed by merit employees. The 29th Guam Legislature changed this decades long authority by stripping the CSC of its appellate powers over personnel matters on January 1, 2006 (Public Law 28-68:IV-45), transferring jurisdiction to DOA. This statutory transfer created the ping-pong effect experienced by the Officers bouncing back and forth between DOA, CSC, and the Attorney General's Office. No agency had jurisdiction to enforce DOA's determination, except perhaps DOA itself, which they seemed powerless to do in the face of GPD's position on overtime. Employee grievances throughout the government were thrown into limbo, and much confusion ensued.

The 29th Guam Legislature tried to remedy the confusion by reinstating the power of the CSC to set aside and declare void any personnel action found to be in violation of personnel rules pursuant to Public Law 29-2:VI:27, effective May 18, 2007. It did not, however, restore the power of the CSC to hear appeals from employee grievances from personnel actions. Full authority was finally reinstated by the 30th Guam Legislature pursuant to Public Law 30-112:2, enacted into law on March 15, 2010. The Guam Legislature expressed its intent as follows:

> *I Liheslatura* finds that the passage of Public Law 28-68 resulted in most of the non-adjudicatory functions of the Civil Service Commission (CSC) being repealed entirely or transferred to the Director of the Department of Administration (DOA), one major function being the administration of compensation and classification for government of Guam employees. Much confusion was caused by Public Law 28-68. ...Some other check-and-balance functions once performed by the CSC were eliminated by Public Law 28-68, and have resulted in a lack of uniformity in the application of the merit system and some questionable employment practices, including the post-audit review and the full null and void authority...*I Liheslatura* now finds that the restoration of the jurisdiction and clarification of certain functions of the CSC are necessary and will improve the merit system...and to eliminate the strict demarcation of adjudicatory

versus non-adjudicatory functions imposed by Public Law 28-68 and other laws.

It was during this period of upheaval that the Officers sought compensation. At the time the Officers filed their Writ on May 21, 2010, the Guam Legislature had fully reinstated CSC's jurisdiction to review, investigation and hear appeals of employee grievances involving matters of management violations of personnel rules and regulations, and personnel actions. Therefore, this Court finds that at the time of filing of this mandamus action the Officers had an adequate remedy before the CSC. Hence, mandamus is not appropriate.

### 3. **GG1s – Pay Adjustment**.

DOA relied upon CSC Memo 2003-340 and the Attorney General's Opinion DOA-95-1020 in support of its determination that an employee who is required to perform duties outside their job classification is entitled compensation for worked performed. This is the substance of "promised compensation" which has been recognized by the Attorney General's Office, DOA and CSC as an equitable remedy to correct violations of personnel rules and regulations by management.

DOA's request for corrective processing of GG1s to compensate the Officers is appropriate, fair, and equitable. This does not, however, suggest that the Officers are retroactively elevated to the exempt statuses. DOA states in its memoranda to the Officers that the GG1s, or required personnel actions, is necessary to "effectuate the compensation actions" so as to correct management's violations. A GG1, or a personnel action, is the appropriate vehicle to effect a corrective pay adjustment. Without a GG1 no compensation can be administratively paid.

The Court disagrees with GPD that the Officers should be required to reimburse the overtime they were paid during the time periods in question. It was GPD's violation and non-compliance with mandatory personnel rules and regulation that facilitated the Officers' earning overtime. Had GPD processed the detail personnel actions temporarily appointing the Officers to exempt positions this would have automatically prevented their earning overtime. The personnel actions would have been processed with DOA and the merit system would have

SP102-10

recognized the Officers as performing exempt duties on detail assignment. Without the required documentation there was no way that DOA would have been alerted to the change in statuses of the Officers from non-exempt to exempt.

The Officers should not be required to repay overtime as a consequence of now taking corrective action to remedy GPD's violation. The GG1s are for the sole purposes of effecting pay adjustments for the Officers, and do not alter the non-exempt status of the Officers during the time periods in question. GPD can either comply with DOA's request, or the Officers can seek enforcement through the CSC.

## CONCLUSION

Mandamus is not appropriate where two (2) agencies are exercising opposing judgments as to outcome of a matter in dispute. Mandamus is also not available where there is a plain and adequate remedy before the CSC. Application for mandamus is DENIED.

**IT IS SO ORDERED** this 20th day of February 2012.

HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

FEB 2 0 2012


Deputy Clerk, Superior Court of Guam

SP102-10